WO ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Thomas Kelley,<br><br>    Petitioner,<br><br>vs.<br><br>Laura Escapule, et al.,<br><br>    Respondents. | No. CV 14-02130-PHX-SPL (BSB)<br><br>**ORDER** |

Petitioner Gary Thomas Kelley, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2010-123572, of one count each of second degree murder and aggravated assault, and was sentenced to consecutive sentences totaling a 27.5-year term of imprisonment. In his Petition, Petitioner names Laura Escapule as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises four grounds for relief. In Ground One, Petitioner alleges that the Arizona Supreme Court failed to consider Petitioner's state post-conviction claims, in violation of Petitioner's Due Process rights. In Ground Two, Petitioner alleges that the state trial court interfered with Petitioner's ability to obtain transcript excerpts and the state appellate court denied counsel to

TERMPSREF

1 Petitioner, both in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment
2 rights. In Count Three, Petitioner alleges that the state trial court denied Petitioner's Due
3 Process rights by amending the indicted charge to include a charge of manslaughter, by
4 giving a defective jury instruction, and by "excising its two clauses for the consideration
5 of self-defense." In Ground Four, Petitioner alleges that the state trial court improperly
6 declared a mistrial, in violation of Petitioner's Due Process rights.

7 The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II. Warnings**

**A. Address Changes**

If Petitioner's address changes, Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C. Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

. . . .

TERMPSREF

- 2 -

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 30th day of October, 2014.

Honorable Steven P. Logan
United States District Judge

TERMPSREF

- 3 -