IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Thomas Kelley,<br><br>    Petitioner,<br><br>v.<br><br>Laura Escapule, et al.,<br><br>    Respondents. | No. CV-14-02130-PHX-SPL (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner's Motion to Stay State Court Civil Proceeding. (Doc. 11.) Respondents oppose the motion, and Petitioner has filed a reply. (Docs. 15, 17.)[1] For the reasons below, the Court recommends that Petitioner's motion be denied.

**I. Petition for Writ of Habeas Corpus**

On September 24, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions in the Maricopa County Superior Court for second degree murder and aggravated assault. (Doc. 1.) The Petition raises four grounds for relief. In Ground One, Petitioner alleges that the Arizona Supreme Court failed to consider Petitioner's state post-conviction claims, in violation of Petitioner's due process rights. In Ground Two, Petitioner alleges that the state trial court

---

[1] In his Reply, Petitioner argues that the Arizona Attorney General's Office should be disqualified as counsel in this matter. (Doc. 17.) Petitioner has filed a separate document addressing this issue that the Court will address in a separate order. (Doc. 10 (Petitioner's objection to an order on Respondent's motion for extension of time).)

interfered with Petitioner's ability to obtain excerpts of transcripts and that the appellate court denied Petitioner counsel, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights. In Count Three, Petitioner alleges that the trial court denied Petitioner's due process rights by amending the indictment to include a charge of manslaughter, by giving a defective jury instruction, and by "excising its two clauses for the consideration of self-defense." In Ground Four, Petitioner alleges that the state trial court improperly declared a mistrial, in violation of Petitioner's due process rights. (Doc. 1.)

**II.    Petitioner's Motion to Stay the State Court Civil Matter**

In the pending motion, Petitioner asks this Court to stay to a wrongful death action that is pending in the Maricopa County Superior Court (CV-2012-093251), and in which he is a defendant. (Doc. 11.) The wrongful death action apparently arises out of the same incident as Petitioner's challenged conviction. (Doc. 11 at 2, attachment 1; Doc. 16 at 3, Ex. A.) Petitioner argues that the federal habeas statute, 28 U.S.C. § 2251, authorizes the Court to stay the state court civil matter.

Respondents argue that the Court is not authorized to stay the state court civil matter under the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, by its terms, the Anti-Injunction Act provides that a federal court may enjoin a state court proceeding when explicitly authorized by a federal statute. *Mitchum v. Foster*, 407 U.S. 225, 226, (1972).

As Petitioner asserts (Doc. 17 at 2), the federal habeas statute, 28 U.S.C. § 2251, is one of the few statutes that authorizes a federal court to stay proceedings in state court. *See McFarland v. Scott*, 512 U.S. 849, 858 (1994) ("Because § 2251 expressly authorizes federal courts to stay state-court proceedings "for any matter involved in the habeas corpus proceeding," the exercise of this authority is not barred by the Anti-Injunction Act).

Section 2251 provides that:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State *for any matter involved in the habeas corpus proceeding*.

28 U.S.C. § 2251(a)(1) (emphasis added).  The standard for granting a stay pursuant to § 2251 requires a petitioner to show substantial grounds upon which relief might be granted.  *Vargas v. Lambert*, 159 F.3d 1161, 1166 (9th Cir. 1998).

"[T]he statute allows for a stay of any proceeding, judicial or otherwise, relating to the subject matter of the habeas corpus petition."  *Byrd v. Moore*, 252 F. Supp. 2d 293, 306 n.3 (W.D.N.C. Mar. 6, 2003).  Section 2251 is often used to stay the execution of capital defendants.  *Id.*; *see McFarland*, 512 U.S. at 859 ("once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution.").

Here, Petitioner seeks a stay of a civil wrongful death action against him for the death of Juan Varela, a victim in Petitioner's criminal case.  (Doc. 11 at 2.)  The civil wrongful death suit, however, is not "involved in the habeas corpus proceeding."  28 U.S.C. § 2251.  Additionally, because different legal standards apply to federal habeas corpus review and to a state-law wrongful death action, the outcome of this habeas corpus proceeding will not impact the state court civil suit.  Thus, the Court recommends that the motion to stay the civil proceeding be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Motion for Stay of State Court Civil Proceeding (Doc. 11) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation

within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 6th day of February, 2015.

_____
Bridget S. Bade
United States Magistrate Judge