# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Thomas Kelley,<br><br>               Petitioner,<br><br>v.<br><br>Laura Escapule, et al.,<br><br>               Respondents. | No. CV-14-02130-PHX-SPL (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Gary Thomas Kelley has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents argue that Petitioner's claims are procedurally barred from federal habeas corpus review. (Doc. 16.) Petitioner has filed a reply in support of his Petition. (Doc. 22.) For the reasons below, the Court recommends that the Petition be denied.

**I.      Procedural Background**

      **A.      Charges, Trial, and Sentencing**

On May 13, 2010, Petitioner was indicted on one count of second-degree murder and one count of aggravated assault in the Maricopa County Superior Court. (Doc. 16, Ex. B.) Petitioner's first jury trial resulted in a mistrial because the jury could not reach a unanimous verdict. (Doc. 16, Ex. C.) After a second jury trial, Petitioner was convicted of both charges. (Doc. 16, Ex. D.) On July 5, 2011, the trial court sentenced Petitioner to an aggravated term of twenty-years' imprisonment for the second-degree murder

conviction, and a consecutive term of seven-and-one-half years' imprisonment for the aggravated assault conviction. (Doc. 16, Ex. E.)

### B. Direct Appeal

Petitioner appealed to the Arizona Court of Appeals. On February 8, 2012, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she had searched the record and was unable to find any issue to raise on appeal. (Doc. 16, Ex. F.) Petitioner then filed a supplemental brief. (Doc. 16, Ex. G.) On October 18, 2012, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 16, Ex. A.) Petitioner filed a petition for review, which the Arizona Supreme Court denied on March 27, 2013. (Doc. 16, Exs. H, I.)

### C. Post-Conviction Proceedings

On November 19, 2012, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Arizona Rule of Criminal Procedure 32. (Doc. 16, Ex. J.) Post-conviction counsel filed a petition for post-conviction relief, asserting that appellate counsel was ineffective for failing to argue on appeal that the trial court erred by denying Petitioner's request for a crime prevention jury instruction. (Doc. 16, Ex. K.) On March 7, 2014, the trial court denied post-conviction relief, stating that Petitioner raised the underlying issue on direct appeal and therefore review of that issue was precluded. (Doc. 16, Ex. M.) The court further stated that even though Petitioner himself had raised the underlying issue on direct appeal, and not his appellate counsel, "there [could] be no claim of ineffective assistance of counsel" because the issue was brought before the court. (*Id.*) Petitioner did not seek appellate review of the trial court's denial of post-conviction relief.

### D. State Petition for Writ of Habeas Corpus

On May 12, 2014, Petitioner filed a petition for the writ of habeas corpus in the Arizona Supreme Court. (Doc. 16, Ex. N.) The Arizona Supreme Court found that Petitioner's claims should have been raised in a petition for post-conviction relief pursuant to Rule 32, and dismissed the petition on September 2, 2014. (Doc. 16, Ex. O.)

### E. Federal Petition for Writ of Habeas Corpus and the Answer

On September 24, 2014, Petitioner filed the pending Petition for Writ of Habeas Corpus in this Court. (Doc. 1.) Petitioner raises the following claims: (1) the Arizona Supreme Court violated Petitioner's due process rights by failing to consider the claims raised in his state petition for writ of habeas corpus (Ground One); (2) the trial court interfered with Petitioner's ability to obtain transcript excerpts and the state appellate court denied him counsel, both in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights (Ground Two); (3) the trial court in Petitioner's first trial denied him due process by constructively amending the indicted charge by giving a "defective jury instruction on the charge of second-degree murder excising its two clauses for the consideration of self-defense, which confounded the jurors and caused their inability to reach a verdict" (Ground Three); and (4) the trial court in his first trial improperly declared a mistrial in violation of Petitioner's due process rights (Ground Four).[1] (Doc. 1 at 6-9.)

On October 30, 2014, the Court ordered Respondents to file an answer to the Petition. (Doc. 4 at 2.) The Court specified that Respondents must not file a dispositive motion, but they could file an "answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity." (Doc. 4 at 3.) The Court further stated that if Respondents' answer was "not limited to affirmative defenses, the answer must fully comply with all the requirements of Rule 5 of the Rules Governing Section 2254 Cases." (*Id.*) On January 23, 2015, Respondents filed a limited answer asserting that federal habeas corpus review of Petitioner's claims is procedurally barred. (Doc. 16.) Respondents filed several exhibits to support their answer. (Doc. 16, Exs. A-O.)

---

[1] In Ground Four, Petitioner's re-alleges his claim, asserted in Ground Two, that the trial court denied him access to transcripts during his post-conviction proceeding. (Doc. 1 at 9.) The Court will only consider this claim in its discussion of Ground Two. *See* Section III.B.

In his reply, Petitioner moves to strike Respondents' limited answer as non-responsive to a rule or order under Federal Rule of Civil Procedure 12(f)(2), for failure to comply with Rule 5 of the Rules Governing Section 2254 Cases, and because it is a "thinly veiled" motion to dismiss in violation of the Court's October 30, 2014 Order. (Doc. 22 at 1.)  The Court rejects these arguments for the following reasons.  First, the Court's October 30, 2014 Order specifically permitted Respondents to file an answer limited to affirmative defenses, including procedural bar.  (Doc. 4 at 3.)  As allowed by the Court's order, Respondents filed a limited answer arguing that federal habeas corpus review of Petitioner's claims is procedurally barred.  (Doc. 16.)  Therefore, this limited answer does not violate the Court's prohibition on filing a dispositive motion.

Second, Respondents' answer complies with Rule 5(a), which provides that an answer is not required unless a "judge so orders."  Here, the Court ordered Respondents to file an answer and specifically permitted them to file an answer limited to affirmative defenses.  Thus, the Court's order modified Rule 5(b)'s requirement that an "answer must address the allegations in the petition."  The answer also complies with Rule 5(b) because Respondents identified the available transcripts and submitted the portions of the record that are relevant to their answer.  (Doc. 16 at 2-3, Exs. A-O.)

Finally, under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure generally apply to habeas corpus proceedings.  However, there is no basis to strike Respondents' answer under Rule 12(f)(1) because the answer does not contain "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R. Civ. P. 12(f)(1).  Accordingly, the Court finds that Petitioner's request to strike Respondents' answer should be denied (Doc. 22 at 1-2) and, therefore, considers the briefing on the Petition.

**II.   Exhaustion and Procedural Bar**

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule

upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[2] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such

---

[2] In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates

"cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

### III. Petitioner's Claims

Respondents argue that Petitioner's claims are procedurally barred from federal habeas corpus review. Petitioner disputes this assertion. As set forth below, the Court finds that Ground One is not cognizable on federal habeas corpus review and, alternatively, lacks merit. The Court also finds that Grounds Two, Three, and Four were not properly exhausted in state court and Petitioner has not established a basis to overcome the procedural bar.

#### A. Ground One

In Ground One, Petitioner argues that he was denied due process when the Arizona Supreme Court denied review of his state petition for writ of habeas corpus. (Doc. 1 at 6.) He asserts that the Arizona Supreme Court had original jurisdiction to consider his claims. (*Id.*) Respondents argue that federal habeas corpus review of Ground One is procedurally barred because Petitioner did not present this claim to the Arizona Court of Appeals. The record reflects that Petitioner did not present this claim to the state courts. However, the parties have not addressed what, if any, state remedies would be available for Petitioner to challenge the Arizona Supreme Court's denial of a state petition for writ of habeas corpus. The Court does not need to resolve this issue because the Court can deny "an application for writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts

of the State." 28 U.S.C. § 2254(b)(2). As discussed below, Ground One is not cognizable on federal habeas corpus review and, alternatively, lacks merit.

### 1. Ground One is not Cognizable on § 2254 Review

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). It is not the policy of the federal courts to re-examine state court determinations of state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). On habeas corpus review, federal courts lack jurisdiction to review state court applications of state procedural rules. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998). Additionally, a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

As previously stated, in Ground One, Petitioner argues that his due process rights were violated when the Arizona Supreme Court dismissed his state petition for writ of habeas corpus without considering the merits of his claims. (Doc. 1 at 6.) The Arizona Supreme Court dismissed Petitioner's state petition for writ of habeas corpus because it asserted claims that should have been presented in a petition for post-conviction relief under Rule 32. (Doc. 16, Ex. O.) The court's determination was based on its interpretation of Ariz. Rev. Stat. § 13-4233, Rule 32.3, and several other Arizona procedural rules.[3] (*Id.* (citing Ariz. R. Crim. P. 32.9(c) and (g); Ariz. R. Crim. P. 31.19,

---

[3] Arizona Revised Statute 13-4233 provide that:

> A proceeding pursuant to this article is a part of the original criminal action and not a separate action. It displaces and incorporates all trial court post-trial remedies except post-trial motions and habeas corpus. If a defendant applies for a writ of habeas corpus in a court having jurisdiction of his person attacking the validity of his conviction or sentence, that court pursuant to this article shall transfer the cause to the court where the defendant was convicted or sentenced and that court shall treat it as a petition for relief under this article and the procedures of this article apply.

Ariz. Rev. Stat. § 13-4233. Arizona Rule of Criminal Procedure 32.3 is substantially the same.

- 8 -

and Ariz. Sup. Ct. Rule 1).) Thus, Ground One challenges the Arizona Supreme Court's application of Arizona law to dismiss his state petition for writ of habeas corpus. This claim turns on the interpretation and application of state law and therefore is not cognizable on federal habeas corpus review. Petitioner's characterization of Ground One as a violation of due process does not transform it into a federal claim. Accordingly, federal habeas corpus review is unavailable for Ground One.

### 2. Petitioner has not Established a Due Process Violation

However, assuming that Petitioner's citation to the Due Process Clause was sufficient to transform his state law claim asserted in Ground One into a federal claim, that claim lacks merit. The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of life, liberty or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To invoke the procedural protections of the Due Process Clause, a petitioner must establish that one of these interests is at stake. *Id.* However, the federal courts are not arbiters of state law. *See Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.").

When the case is governed by the AEDPA, such as this one, the liberty interest must be one recognized by the United States Supreme Court. *See Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007) (rejecting petitioner's liberty interest claim under § 2254(d)(1) because "the United States Supreme Court has never recognized California's Sumstine doctrine as creating a liberty interest that is protected by the Fourteenth Amendment."). As discussed below, Petitioner's due process claim lacks merit.

The record reflects that the Arizona Supreme Court acted according to Arizona statutes and rules when dismissing the petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.3 and Ariz. Rev. Stat. § 13-4233. Additionally, contrary to Petitioner's assertion that the Arizona Supreme Court had original jurisdiction to consider his claims,

review by the Arizona Supreme Court is discretionary, except in capital cases. *See* Ariz. Rev. Stat. § 12-120.21(A)(1) and § 13-4031 (providing that the "criminal actions involving crimes for which a sentence of death has actually been imposed may only be appealed to the supreme court."); Ariz. R. Crim. P. 31.19(f) (stating that "[i]f the Supreme Court grants review, its order shall specify the issue or issues to be reviewed."); *see also Cofsky v. Schriro*, 2009 WL 733869 (D. Ariz. Mar. 19, 2009) (discussing review by the Arizona Supreme Court). Because Petitioner was not actually sentenced to death, he was not entitled to automatic review by the Arizona Supreme Court. *See* Ariz. Rev. Stat. § 13-4031.

Petitioner has not cited any authority indicating that he had any liberty interest under Arizona law that entitles him to review by the Arizona Supreme Court. Accordingly, Petitioner has not shown that the Arizona Supreme Court violated the Due Process Clause by denying his petition for writ of habeas corpus without considering the merits of his claims. Accordingly, assuming Ground One asserts a claim cognizable on federal habeas corpus review, Petitioner is not entitled to relief on Ground One because it lacks merit.

**B.     Grounds Two, Three, and Four**

**1.     Petitioner did not Properly Exhaust Grounds Two, Three and Four**

In Ground Two (a), Petitioner alleges that, on post-conviction review, the trial court violated his due process rights by denying him access to "select excerpts to transcripts to prepare a supplement to the Rule 32 proceeding." (Doc. 1 at 7.) In Ground Two (b) Petitioner alleges that the Arizona Court of Appeals "acted to create a denial of counsel in the direct appeal," in violation of his rights under the Sixth Amendment and the Due Process Clause. (*Id.*) Petitioner did not present Ground Two (b) to the trial court in his petition for post-conviction relief. (Doc. 16, Ex. K.) Additionally, Petitioner did not appeal the trial court's denial of his petition for post-conviction relief and, therefore,

1  did not present Ground Two (a) or (b) to the Arizona Court of Appeals.  Accordingly,
2  Petitioner did not properly exhaust Grounds Two (a) and (b).

3  In Ground Three, Petitioner asserts that, in his first trial, the court denied him due
4  process by constructively amending the indicted charge by giving a "defective jury
5  instruction on the charge of second-degree murder excising its two clauses for the
6  consideration of self-defense, which confounded the jurors and caused their inability to
7  reach a verdict." (Doc. 1 at 8.)  In Ground Four, Petitioner argues that the court in his
8  first trial denied him due process by declaring a mistrial. (Doc. 1 at 9.)  Petitioner did not
9  present these claims to the Arizona Court of Appeals on direct review.  (Doc. 16, Exs. F,
10 G.)  Similarly, he did not present these claims to the trial court on post-conviction review.
11 (Doc. 16, Ex. K.)   Moreover, he did not present any claims to the Arizona Court of
12 Appeals on post-conviction review.  Accordingly, Petitioner did not properly exhaust
13 Grounds Three and Four.

14 **2.     Petitioner did not Fairly Present Grounds Two, Three and Four**

15 As Petitioner argues, he presented his claims asserted in Grounds Two (a) and (b),
16 Ground Three, and Ground Four to the Arizona Supreme Court in a state petition for writ
17 of habeas corpus.[4]  (Doc. 16, Ex. N at 3.)  The Arizona Supreme Court dismissed the
18 petition because Petitioner's claims should have been raised in a Rule 32 petition.
19 (Doc. 16, Ex. O.)

20 In Arizona, a state petition for writ of habeas corpus is a limited remedy reserved
21 for challenges to the court's jurisdiction. *See Griswold v. Gomes*, 523 P.2d 490, 493
22 (Ariz. 1974) ("The writ of habeas corpus is not intended to serve as a means for a
23 defendant to obtain successive appeals, and all issues which were raised by a defendant
24 on appeal or which might have been raised on appeal are precluded from attack in
25 subsequent petitions for writ of habeas corpus"); *State v. Montez*, 432 P.2d 456, 459
26 (Ariz. 1967) (in Arizona, habeas corpus petitions "may not be used to collaterally attack a

---

[4] In that petition, Petitioner states that these claims were not presented in any appeal or post-conviction petition. (Doc. 16, Ex. N at 3.)

- 11 -

1  judgment of conviction where the claimed errors do not involve a loss of jurisdiction by a court . . . ."); *Boies v. Dovico*, 400 P.2d 109, 110 (Ariz. 1965) (the issuance of the writ of habeas corpus is discretionary with the court in which it is sought).

Accordingly, the presentation of claims in a state petition for writ of habeas corpus does not constitute fair presentation for purposes of the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (raising a claim in a procedural context in which the merits would not be considered absent special and important reasons does not constitute fair presentation for purposes of exhaustion); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.").

As set forth above, Petitioner did not fairly present Grounds Two (a), Two (b), Three, and Four to the Arizona Court of Appeals in a procedurally proper manner. It would be futile for Petitioner to return to the state court to try to exhaust these claims because a successive petition for post-conviction relief would be untimely, and his claims would be precluded from Rule 32 review because they could have been raised in Petitioner's prior post-conviction proceeding. *See* Ariz. R. Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146 P.3d 63, 67 (2006) ("As a general rule, when [claims] are raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent claims [] will be deemed waived and precluded.") (internal quotation omitted).

Additionally, Petitioner's claims do not implicate any of the other exceptions to the timeliness or preclusion rules referred to in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence. *See* Rule 32.1(d), (e), (f), (g) and (h). Accordingly, federal habeas corpus review of Petitioner's

claims asserted in Grounds Two (a) and (b), Ground Three, and Ground Four is procedurally barred. *See McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)); *see also Boerckel*, 526 U.S. at 848.

### 3. Petitioner has not Established a Basis to Overcome the Procedural Bar

Because Petitioner's claims in Grounds Two (a) and (b), Ground Three, and Ground Four are procedurally defaulted, federal habeas corpus review is unavailable unless Petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 749. For the reasons below, the Court finds that Petitioner has not established a basis to overcome the procedural bar.

#### i. Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup,* 513 U.S. at 324.

The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice. (Docs. 1, 22.) Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

### ii. Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice." *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Liberally construed, Petitioner's reply asserts that the trial court's denial of his request for transcripts constitutes cause for his procedural default. (Doc. 22 at 4.) Petitioner argues that during post-conviction proceedings the trial court denied him transcripts from his first trial that ended in a mistrial. The trial court denied Petitioner's request for transcripts from his first trial because that trial had ended in a mistrial and was not appealable. (Doc. 1 at 37.) In his Petition, Petitioner states that he "eventually track[ed] down" the transcripts. (Doc. 1 at 7.) However, he does not specifically identify the transcripts that he was allegedly denied or state when he obtained the transcripts. *See United States v. Lewis*, 605 F.2d 379 (8th Cir.1979) (holding that prisoner does not have an absolute right to transcripts to collaterally attack his sentence). Significantly, Petitioner does explain why he needed the transcripts from his first trial that ended in a

- 14 -

mistrial to properly exhaust any of the federal claims asserted in his Petition. Petitioner's general assertion that he was denied transcripts from his first trial that ended in a mistrial does not constitute cause for the procedural default of his claims.

Petitioner does not assert any other basis to establish cause for his procedural default of his claims. Petitioner's status as an inmate, lack of legal knowledge and assistance, and limited legal resources do not establish cause to excuse the procedural bar to review of his claims. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause). Accordingly, Petitioner has not shown cause for his procedural default and the Court does not consider whether Petitioner has shown prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Therefore, federal habeas corpus review of these claims is barred.

**IV. Conclusion**

As set forth above, the Court concludes that Respondents did not violate any rule or order by filing an answer limited to the affirmative defense of failure to exhaust. Accordingly, the Court considered Respondents' answer. As set forth above, Ground One is not cognizable on federal habeas corpus review and, alternatively, lacks merit. Grounds Two (a) and (b), Ground Three, and Ground Four are procedurally barred and Petitioner has not established a basis to overcome that bar. Accordingly, the Court recommends that the Petition be denied.[5]

Accordingly,

**IT IS RECOMMENDED** that Petitioner's request to strike Respondents' Limited Answer (Doc. 22 at 1-2) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

---

[5] In his Reply, Petitioner argues that the matter should be stayed and asserts that Attorney General Mark Brnovich has a conflict of interest. (Doc. 22 at 7-8.) The Court previously addressed these issues and will not revisit them. (*See* Docs. 18, 19.)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of May, 2015.

_____
Bridget S. Bade
United States Magistrate Judge