IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Gary Thomas Kelley,

Petitioner,

vs.

Laura Escapule, et al.,

Respondents.

No. CV-14-02130-PHX-SPL

**ORDER**

Before the Court are Petitioner Gary Thomas Kelley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Motion for Stay (Doc. 11). The Honorable Bridget S. Bade, United States Magistrate Judge, has issued a Report and Recommendation ("R&R") as to each (Docs. 18, 26), recommending that they be denied. Petitioner has objected to both R&Rs. (Docs. 23, 27). For the reasons that follow, the Court accepts and adopts the R&Rs, and denies the petition and motion.

**I. Background**

On May 13, 2010, Petitioner was indicted for one count of second-degree murder and one count of aggravated assault in the Maricopa County Superior Court, Case No. CR2010-123572. (Doc. 16-1, Exh. B.) Following a second jury trial, the first having resulted in a mistrial by a hung jury, Petitioner was found guilty on both charges. (Doc. 16, Exhs. C and D.) Petitioner was sentenced to an aggravated 25-year term of imprisonment for the second-degree murder conviction, and a consecutive 7.5-year term of imprisonment for the aggravated assault conviction on July 5, 2011. (Doc. 16-1, Exh.

E.) Petitioner sought direct review of his convictions and sentences, which were ultimately affirmed by the Arizona Supreme Court on March 27, 2013. (Docs. 16-1, Exhs. A, F, G; 16-2, Exhs. H, I.) Petitioner filed a Rule 32 Petition for Post-Conviction Relief and a State Petition for Writ of Habeas Corpus, which were denied in 2014. (Doc. 16-2, Exhs. J-O.)

Petitioner filed the instant federal habeas petition on September 24, 2014, raising four claims for relief. (Doc. 1.) In Ground One, Petitioner claims the Arizona Supreme Court violated his due process rights by failing to consider the merits of the claims raised in his state petition for writ of habeas corpus. In Ground Two, Petitioner claims the trial court interfered with his ability to obtain transcript excerpts and the state appellate court denied him counsel, both in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights. In Ground Three, Petitioner claims this first trial court denied him due process by constructively amending the indicted charge by giving a "defective jury instruction on the charge of second-degree murder excising its two clauses for the consideration of self-defense, which confounded the jurors and caused their inability to reach a verdict." In Ground Four, Petitioner claims the first trial court improperly declared a mistrial in violation of his due process rights. (Doc. 1 at 6-9.) Respondents filed a Limited Answer (Doc. 16), in which they argue that Petitioner's claims are procedurally barred. (Doc. 16.)

## II. Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III. Discussion

### A. Respondents' Answer

First, in his reply in support of his petition, Petitioner moves to strike Respondents' limited answer as nonresponsive to a rule or order under Rule 12(f) of the Federal Rules of Civil Procedure, for failure to comply with Rule 5 of the Rules Governing Section 2254 Cases, and because it is a disguised motion to dismiss. (Doc. 22 at 1.) Petitioner has objected to the Magistrate Judge's ruling denying this request.

The Court agrees with the Magistrate Judge and finds Petitioner's arguments are without merit. As addressed by the Magistrate Judge, this Court's October 30, 2014 Order (Doc. 4) specifically permitted Respondents to file an answer limited to affirmative defenses, including procedural bar. As cited by Petitioner (Doc. 27 at 3-4), Rule 5 of the Rules Governing § 2254 Cases requires "[t]he answer [to] respond to the allegations of the petition." Respondents' Limited Answer (Doc. 16) did just that by "fram[ing] the issues in dispute." *Williams v. Calderon*, 52 F.3d 1465, 1482 (9th Cir. 1995).

Further, Petitioner's objections concerning the Attorney General's conflict of interest are also rejected. Petitioner previously moved for disqualification of the Attorney General's Office from this case because Attorney General Mark Brnovich is married to Judge Susan Brnovich, who presided over Petitioner's criminal proceedings. (Doc. 10.) First, as the Magistrate Judge noted, Mark Brnovich was not the Attorney General at the time of Petitioner's conviction, as he was sworn in on January 5, 2015. (Doc. 19 at 4.) Nevertheless, the Magistrate Judge specifically ordered that Attorney General Brnovich be screened from personally participating or discussing this matter. (Doc. 19 at 6.) Thus, the Court finds that there are sufficient safeguards in place to protect Petitioner's interests in light of any possible conflict that would arise in this action. Therefore, the Court adopts the Magistrate Judge's denial of Petitioner's request to strike the answer.

### B. Habeas Petition

Next, Petitioner has objected to the R&R's finding that his claims are procedurally defaulted and barred from review. Petitioner's objection however, does not point to any

specific flaw in the Magistrate Judge's analysis or findings. Instead, he offers only general objections. To that end, these objections largely consist of criticisms of the justice system and a general reiteration of the complaints that were addressed by the Magistrate Judge, but without any reference to the Magistrate Judge's findings with regard to those complaints.

Under Rule 72 of the Federal Rules of Civil Procedure, the district judge must review *de novo* those portions of the R&R that have been "properly objected to." Fed.R.Civ.P. 72(b). A proper objection requires "*specific written* objections to the proposed findings and recommendations." *Id.*; *see* 28 U.S.C. § 636(b)(1) (emphasis added). The inherent purpose of this requirement is judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Reyna-Tapia*, 328 F.3d at 1121. Because *de novo* review of an entire R&R would defeat this purpose, a general objection serves to have the same effect as if Petitioner had failed to object entirely. As a result, the Court has no obligation to review Petitioner's general objection to the R&R. *See Thomas*, 474 U.S. at 149 (no review at all is required for "any issue that is not the subject of an objection."). Thus, the Court could summarily adopt the R&R in full. However, out of an abundance of caution, the Court will review *de novo* the R&R's conclusion on each of Petitioner's claims.

The Court finds that the Magistrate Judge correctly concluded that Ground One fails because it is not cognizable on federal habeas corpus review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (federal habeas corpus relief is not available for errors of state law). Petitioner challenges the Arizona Supreme Court's application of Arizona law to dismiss his state petition for writ of habeas corpus. This claim turns on the interpretation and application of state law, and Petitioner's due process characterization does not transform it into a federal claim.

The Court further finds that the Magistrate Judge correctly found that Petitioner did not exhaust his claims in Grounds Two, Three, and Four, and they are procedurally barred from review. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (addressing the full and fair presentation of claims in state court for purposes of the

exhaustion requirement). Petitioner did not appeal the denial of his Rule 32 Petition, and thereby did not present his claims in Ground Two to the Arizona Court of Appeals. Petitioner did not present his claims in Grounds Three or Four on direct appeal or in post-conviction relief proceedings. Petitioner's subsequent state habeas petition, which was dismissed because it was not the proper mechanism for presenting his claims, did not serve to fairly present Petitioner's claims for purposes of the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Therefore, Petitioner did not exhaust these claims and they are procedurally barred.

While Petitioner challenges the fairness of the legal system, believing among other things that its officers have been infected with "legal glaucoma" (Doc. 27 at 9), he does not assert any basis to establish cause for the procedural default of his claims, nor does he maintain a claim of actual innocence. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (discussing "cause" and "prejudice"); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (discussing "fundamental miscarriage of justice"). Therefore, the Court will adopt the R&R recommending that the petition be denied.

**C. Motion to Stay**

Lastly, Petitioner has filed a Motion to Stay State Court Civil Proceeding (Doc. 11), in which he requests that this Court stay the wrongful death action pending in the Maricopa County Superior Court, Case No. CV2012-093251, which arises from the death of the victim at issue in Petitioner's underlying convictions.

Assuming, without deciding, that 28 U.S.C. § 2251 authorizes this Court to stay his state court civil proceeding, which Petitioner argues, he fails to show that such a stay is justified. Petitioner primarily objects to the R&R on the basis that if he were to prevail on the instant habeas petition, it would foreclose the availability of civil remedies against him for the death of the victim. This argument fails. While Petitioner's federal habeas petition challenges the validity of his conviction, he does not claim that he is innocent of the crime. The outcome of this action therefore has little bearing on any wrongful death

action pursued against Petitioner. And, for the reasons above, the Court concludes that Petitioner is not entitled to habeas relief. Thus, the Court will also adopt the R&R recommending that Petitioner's Motion to Stay be denied. Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge's Reports and Recommendations (Docs. 18, 26) are **accepted** and **adopted** by the Court;

2. That the Motion to Stay (Doc. 11) is **denied**;

3. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 31st day of August, 2015.

Honorable Steven P. Logan
United States District Judge